MEMORANDUM **
Rafael Perez, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s application of substantive law and for clear error its factual determinations, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.
The district court properly dismissed the action because Perez did not complete *342 the prison grievance process in accordance with the administrative procedural rules, and failed to demonstrate that he was obstructed from doing so. See Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (“[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules — rules that are defined ... by the prison grievance process itself.”) (internal citations and quotation marks omitted); Woodford v. Ngo, 548 U.S. 81, 83-84, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” under § 1997 is mandatory and cannot be satisfied “by filing an untimely or otherwise proeedurally defective administrative grievance or appeal.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.